Dwight J. Schulte
SCHULTE LAW FIRM P.C.
2425 Mullan Road
Missoula, Montana 59808
Telephone: (406) 721-6655
Facsimile: (406) 543-5023
Email: dwight@jschultelaw.com
Counsel for Defendant Salomon Mejia Preciado

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALOMON MEJIA PRECIADO,<br><br>Defendant. | CR-17-32-M-DWM<br><br>SENTENCING MEMORANDUM |

Defendant Salomon Mejia Preciado, by and through his counsel of record, Dwight J. Schulte, respectfully submits this memorandum to aid the Court in determining the minimally sufficient sentence necessary to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a). Salomon stands ready to be sentenced on September 27, 2018 at 9:00 a.m.

## SENTENCING OVERVIEW AND RECOMMENDATION

Pursuant to a written plea agreement, Salomon pleaded guilty on June 18, 2018 to Count I of the Indictment. Count I charged the crime of conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 846. This offense carries a mandatory minimum punishment of 10 years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

Salomon's total offense level under the United States Sentencing Guidelines has been calculated at 33. Presentence Investigation Report, ¶ 44 (09/11/18). Salomon has 11 criminal history points equating to a criminal history category of V. Salomon faces a mandatory minimum sentence of 120 months and his advisory Guidelines sentencing range is 210 to 262 months followed by a term of five years supervised release. PSR, ¶¶ 59, 90, and 91.

Pending before the Court in addition to the above captioned case are two petitions to revoke Salomon's supervised release issued by the United States District Court for the District of Washington. The petitions allege Salomon left his assigned judicial district without permission and that he committed a federal crime. *See* Docs. 2-4 (October 2, 2017), 2-5 December 26, 2017, (CR-18-07-M-DWM). Final hearing is set immediately after sentencing on September 27, 2018 at which Salomon will admit the allegations.

For the reasons enumerated in this Sentencing Memorandum and at hearing on September 27, 2018, Salomon respectfully requests the Court to impose a below guidelines sentence followed by five years of supervised release and that the sentence imposed run concurrent to the revocation proceedings in CR-18-07-M-DWM. Salomon further respectfully requests the Court recommend he participate in the 500-hour Residential Drug Abuse Program.

## SENTENCING ARGUMENT

A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals. *U.S. v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (citing *U.S. v. Crowe*, 563 F.3d 969, 977 n. 16 (9th Cir. 2009)).

A sentencing court must calculate the advisory sentencing Guideline range as the "initial benchmark" of a Federal sentence. *Kimbrough v. United States*, 128 S.Ct. 558, 574 (2007). Although the Guidelines range "should be the starting point and the initial benchmark," a district court may not presume that the Guidelines range is reasonable. *U.S. v. Gall*, 128 S. Ct. 586, 596 (2007); *U.S. v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Nor are "extraordinary" circumstances required to justify a non-guidelines sentence. *Gall*, 128 S.Ct. at 595. The Guidelines are to be given no greater weight than any other § 3553(a) factor. *Gall*, 128 S.Ct. at 594, 596-97; *Carty*, 520 F.3d at 991.

The statutory purposes of sentencing include the need for the sentence to reflect the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines, and the need to avoid unwarranted sentencing disparities among defendants. 18 U.S.C. § 3553(a)(1), (3), (4), and (6).

In imposing a sufficient but not greater than necessary sentence, courts must also consider the seriousness of the crime, promoting respect for the law, providing just punishment for the crime, affording adequate deterrence to criminal conduct, protecting the public from further crimes of the defendant, and providing the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2).

Salomon is described by family, friends, and his church community as kind, respectful, and hard-working person. He is a good son that feels a duty as the oldest child to help his family. Salomon made very bad choices in how he attempted to supplement his income and will pay dearly for his mistakes.

Salomon is a relatively young man (36) that will be middle aged when he is released. He is capable of being a productive member of society and has a strong desire to be with his family and help them as much as he is able. Salomon has plans to work on a college degree while incarcerated to best prepare him for his release and to give him the tools and skills necessary to assist him in helping his family.

CONCLUSION

Salomon respectfully requests the Court to impose a sentence of 120 months incarceration as a sufficient but not greater than necessary sentence to comply with the statutory purposes of sentencing and that the sentence run concurrent to the revocation proceedings in CR-18-07-M-DWM. Salomon also respectfully requests the Court recommend he participate in the 500-hour Residential Drug Abuse Program.

DATED this 18th day of September 2018.

SCHULTE LAW FIRM P.C.

/s/ Dwight J. Schulte
Dwight J. Schulte
Attorney for Salomon Mejia Preciado

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September 2018, a copy of the foregoing document was served on the following persons by the following means:

<u> 1-3 </u> CM-ECF
<u>     </u> Hand Delivery
<u>  4  </u> Mail
<u>     </u> Overnight Delivery Service
<u>     </u> Fax
<u>     </u> E-Mail

1. Clerk, United States District Court
2. Tara J. Elliott, Assistant United States Attorney
3. Tessa A. Keller, Esq.
4. Salomon Mejia Preciado

                                      By:   /s/ Dwight J. Schulte
                                                Dwight J. Schulte
                                                Counsel for Salomon Mejia Preciado